1  John P. Kristensen (SBN 224132)
2  Jesenia A. Martinez (SBN 316969)
   **KRISTENSEN LLP**
3  12540 Beatrice Street, Suite 200
4  Los Angeles, California 90066
   Telephone: 310-507-7924
5  Facsimile:  310-507-7906
6  *john@kristensenlaw.com*
   *jesenia@kristensenlaw.com*
7

8  **Attorneys for Plaintiff**

9            **UNITED STATES DISTRICT COURT**
10      **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11  KARLA LITCH, an individual,      ) Case No.  **'21 CV 1601 H    BGS**
                                     )
12                      Plaintiff,   ) **COMPLAINT FOR DAMAGES &**
13          vs.                      ) **INJUNCTIVE RELIEF**
                                     )
14  NITE LIFE EAST, LLC dba          ) **1. Failure to Pay Minimum Wage,**
15  LITTLE DARLINGS, a Nevada        )    **29 U.S.C. § 206;**
    Limited Liability Company; JASON )
16  C-H MOHNEY, an individual;       ) **2. Failure to Pay Overtime Wages,**
    DEANNA LAPOINT, an               )    **29 U.S.C. § 207;**
17  individual; DOE MANAGERS 1- 3;   ) **3. Unlawful Taking of Tips,**
    and DOES 4-10, inclusive,        )    **29 U.S.C. § 203;**
18                                   ) **4. Illegal Kickbacks, 29 C.F.R. §**
19                                   )    **531.35;**
                         Defendants. ) **5. Forced Tip Sharing, 29 C.F.R. §**
20                                   )    **531.35**
21                                   ) **6. Failure to Pay Minimum Wage in**
                                     )    **Violation of Cal. *Lab. Code* §§ 1194**
22                                   )    **& 1197;**
23                                   ) **7. Failure to Pay Overtime Wages in**
                                     )    **Violation of Cal. *Lab. Code* §§ 510,**
24                                   )    **1194, & 1197;**
25                                   ) **8. Failure to Furnish Accurate Wage**
                                     )    **Statements, Cal. *Lab. Code* § 226;**
26                                   ) **9. Waiting Time Penalties,**
27                                   )    **Cal. *Lab. Code* §§ 201-203;**
28                                   )

**COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**
**– 1 –**

)   **10. Failure to Indemnify Business**
)       **Expenses in Violation of Cal.** *Lab.*
)       *Code* **§ 2802;**
)   **11. Compelled Patronization of**
)       **Employer and/or Other Persons in**
)       **Violation of Cal.** *Lab. Code* **§ 450;**
)   **12. Violation of Cal.** *Lab. Code* **§§ 350,** *et*
)       *seq.***; and**
)   **13. Unfair Competition in Violation of**
)       **Cal.** *Bus. & Prof. Code* **§§ 17200,** *et*
)       *seq.*
)
)
)
)

Plaintiff Karla Litch alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.  NATURE OF THE ACTION

1.    Plaintiff alleges causes of action against Defendants NITE LIFE EAST, LLC dba LITTLE DARLINGS, a Nevada Limited Liability Company ("Defendant" or "Little Darlings"); JASON C-H MOHNEY, an individual; DEANNA LAPOINT, an individual; DOE MANAGERS 1- 3; and DOES 4-10, inclusive (collectively, "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and illegally absconding with Plaintiff's tips.

2.    As a result of Defendants' violations, Plaintiff seeks to recover all tips kept by her employer, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA.

3.    These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants within the last calendar year and up to three years from the filing of the demand for arbitration. During her time being

employed by Defendants, Plaintiff was denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Plaintiff and other dancers/entertainers as "independent contractors." As the Department of Labor explained in a recent  Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an uneven playing field for employers who properly classify her workers. Although independent contracting relationships can be advantageous for workers and businesses, some employees may be intentionally misclassified as a means to cut costs and avoid compliance with labor laws.

As alleged in more detail below, that is exactly what Defendants are, and were at all times relevant, doing.

4.     Plaintiff worked at Defendants' principal places of business located at 8290 Broadway, Lemon Grove, California 91945.

5.     Defendants failed to pay Plaintiff's minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

6.     Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for her overtime work at a rate of one and one-half (1 ½) times her regular rate of pay. *See* 29 U.S.C. § 207(a).

7.     Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

8.    As a result of Defendants' violations, Plaintiff seeks to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

## II.   VENUE AND JURISDICTION

9.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*

10.    Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

11.    Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiff worked in this District.

## III.   PARTIES

12.    Plaintiff is an individual adult resident of the State of Arizona. Furthermore, Plaintiff was employed by Defendants and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

13.    Little Darlings is a Nevada limited liability company with its principal place of business located at 8290 Broadway, Lemon Grove, California 91945. At all times mentioned herein, Little Darlings was an "employer" or "joint employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Little Darlings may be served via its agent for service of process David B. Norris at 550 Corporate Center, 550 W C St., Suite 950, San Diego, California 92101-8569.

14.    Defendant JASON C-H MOHNEY is an individual with a registered address in Las Vegas, Nevada. He is the managing partner and exerts day to day management over the Defendant entity NITE LIFE EAST, LLC. JASON C-H MOHNEY individually, also exerts day to day management and operational control over NITE LIFE EAST, LLC and is frequently present at, and owns, directs, controls and manages the operations at the club. Pursuant to an across the

board, corporate wide policy dictated and enforced by Defendants, including

Defendant JASON C-H MOHNEY, as well as the other Defendants herein,

refuse to pay dancers-entertainers minimum wage and earned overtime, by

mischaracterizing them as "independent contractors." Defendant JASON C-H

MOHNEY is an "employer" or "joint employer" within the meaning of the Fair

Labor Standards Act and under California labor law. Upon information and

belief, Defendant JASON C-H MOHNEY may be served with process at 3385

W. Arby Ave., Las Vegas, Nevada 89118.

15. Defendant DEANNA LAPOINT is an individual. She was a

manager and exerted day to day management over the Defendant entity NITE

LIFE EAST, LLC. DEANNA LAPOINT individually, also exerts day to day

management and operational control over NITE LIFE EAST, LLC. and was

frequently present at, and owns, directs, controls and manages the operations at

the club. Pursuant to an across the board, corporate wide policy dictated and

enforced by Defendants, including Defendant DEANNA LAPOINT, as well as

the other Defendants herein, refuse to pay dancers-entertainers minimum wage

and earned overtime, by mischaracterizing them as "independent contractors."

Defendant DEANNA LAPOINT is an "employer" or "joint employer" within the

meaning of the Fair Labor Standards Act and under California labor law

16. DOE MANAGERS 1 to 3 are managers/owners who control the

policies and enforce the policies related to employment at Little Darlings.

17. At all material times, Defendants have been an enterprise in

commerce or in the production of goods for commerce within the meaning of 29

U.S.C. § 203(r)(1) of the FLSA because they have had employees at her club

engaged in commerce her club which has travelled in interstate commerce.

Moreover, because of Defendants' interrelated activities, they function in

interstate commerce. 29 U.S.C. § 203(s)(1).

///

18.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

19.    At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Little Darlings as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

20.    The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE MANAGERS 1 through 3 and DOES 4 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Demand to show the true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

21.    Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

22.    Plaintiff is informed and believes that, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are

legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over her wage payments and control over her duties.

23.     Plaintiff is informed and believes that, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

24.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## IV.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (Against All Defendants)

#### A.   FACTUAL ALLEGATIONS

25.     Defendants operate an adult-oriented entertainment facility located at 8290 Broadway, Lemon Grove, California 91945. At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

26.     At all times during the four (4) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

27.     At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject club, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

28.     Plaintiff worked as a dancer for Defendants in 2018.

29.     The primary duty of a dancer/entertainer is to dance and entertain customers, and give them a good experience. Specifically, a dancer/ entertainer

performs stage and table dances, and entertains customers on an hourly basis.

30.     Stated differently, dancers/entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

31.     Plaintiff worked and performed at the adult-oriented entertainment facilities multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female dancers/ entertainers.

32.     Defendants did not pay dancers/ entertainers on an hourly basis.

33.     Defendants exercised significant control over Plaintiff during her shifts and would demand that Plaintiff work five (5) days a week and tell Plaintiff what time she was permitted to leave.

34.     Defendants set prices for all VIP performances.

35.     Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility.

36.     Defendants controlled music for Plaintiff's performances.

37.     Defendants controlled the means and manner in which Plaintiff could perform.

38.     Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with her rules regarding dancing.

39.     Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with her rules regarding dancing.

40.     Although Defendants allowed dancers/entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises.

41.     Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishments.

42.    Defendants also required Plaintiff to share her tips with Defendants and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and floor personnel.

43.    Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers/entertainers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that they divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

44.    Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures.

45.    Little Darlings provided and paid for all advertising and marketing efforts undertaken on behalf of Little Darlings.

46.    Little Darlings paid for the buildings used by Little Darlings, maintenance of the facility, the sound system, stages, lights, beverage and inventory used at the facility.

47.    Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

48.    Little Darlings' opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Little Darlings.

49.    Nude dancing is an integral part of Little Darlings' operations. Little Darlings' advertising and logo prominently displays nude dancing for its

1    customers. Little Darlings is well known as a "strip club."

2        50.    Little Darlings needs dancers/entertainers to successfully and

3    profitably operate the Little Darlings business model.

4        51.    The position of dancer/entertainer requires no managerial skill of

5    others.

6        52.    The position of dancer/entertainer requires little other skill or

7    education, formal or otherwise.

8        53.    The only requirements to become an entertainer at Little Darlings

9    are "physical attributes" and the ability to dance seductively. Plaintiff did not

10   have a formal interview but instead was glanced over "up and down" and

11   participated in a brief audition by the manager before being offered an

12   employment opportunity. The amount of skill required is more akin to an

13   employment position than that of a typical independent contractor. Defendants do

14   not require prior experience as an entertainer or any formal dance training as a

15   job condition or prerequisite to employment. Defendants do not require the

16   submission of an application or a resume as part of the hiring process. In fact,

17   Plaintiff has little or no formal dance training and experience before auditioning

18   to dance at Little Darlings.

19       54.    Defendants failed to maintain records of wages, fines, fees, tips and

20   gratuities and/or service charges paid or received by dancers/entertainers.

21       55.    Plaintiff was not paid an hourly minimum wage or *any* hourly wage

22   or salary despite being present at Defendants' facility and required to work and

23   entertain its customers at any time during an eight-plus (8+) hour work shift.

24       56.    Plaintiff was not paid overtime wages at one-and-a-half (1½) times

25   the regular minimum wage rate for *any* hours worked despite being present at

26   Defendants' facility and required to work and entertain their customers for longer

27   than eight (8) hours per shift.

28   ///

57.    Plaintiff was not paid an hourly minimum wage for the typical half-hour of time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards. Plaintiff estimates that they spent approximately one-thousand five-hundred dollars annually ($1,500) on makeup, hair-related expenses, and outfits.

58.    Plaintiff was not paid an hourly minimum wage for the time she was required to wait at Little Darlings until the premises and the parking lot were cleared of customers.

59.    Defendants have never paid Plaintiff any amount as wages whatsoever, and have instead unlawfully required Plaintiff to pay Defendants for the privilege of working.

60.    The only source of monies received by Plaintiff relative to her employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiff were required to pay to Defendants.

61.    Although Plaintiff was required to, and did in fact work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, Plaintiff received no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

62.    Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiff is entitled to restitution of such fines and fees.

63.    Defendants failed to keep accurate records of tips, gratuities and/or service charges paid to Plaintiff or any other dancer/entertainer and failed to

maintain and furnish wage statements to Plaintiff.

64.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.     The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

65.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff. Because Defendants' records are

1   inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by

2   proving that they, in fact, performed work for which they were improperly

3   compensated, and produce sufficient evidence to show the amount and extent of

4   her work "as a matter of a just and reasonable inference." *See, e.g., Anderson v.*

5   *Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put

6   Defendants on notice that they intends to rely on *Anderson* to provide the extent

7   of her unpaid work.

8      **B.   INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT**

9      66.   In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court

10  of Appeals for the Ninth Circuit held that individuals can be liable for FLSA

11  violations under an expansive interpretation of "employer." *Id.* at 1088. The

12  FLSA defines "employer" as "any person acting directly or indirectly in the

13  interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The

14  Ninth Circuit stated that the definition of "employer" under FLSA is not limited

15  by the common law concept of "employer" but "is to be given an expansive

16  interpretation in order to effectuate the FLSA's broad remedial purposes."

17     67.   Where an individual exercises "control over the nature and structure

18  of the employment relationship," or "economic control" over the relationship,

19  that individual is an employer within the meaning of the FLSA, and is subject to

20  liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit

21  highlighted factors related to "economic control," which included ownership

22  interest, operational control of significant aspects of the day-to-day functions, the

23  power to hire and fire employees, determine salaries, and the responsibility to

24  maintain employment records.

25     68.   JASON C-H MOHNEY and DEANNA LAPOINT are individually

26  liable for failing to pay Plaintiff her wages.

27     69.   DOE MANAGERS 1 to 3 and DOES 4 through 10 are individually

28  liable for failing to pay Plaintiff her wages. The actual identities of DOE

MANAGERS 1 to 3 and DOES 4 through 10 are unknown at this time.

## V.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206**

**(Against All Defendants)**

70.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

71.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

72.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

73.    Defendants failed to pay Plaintiff the minimum wage in violation of 29 U.S.C. § 206.

74.    Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage under the FLSA.

75.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that her misclassification scheme and compensation policies were illegal.

76.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FLSA, 29 U.S.C. § 207**

**(Against All Defendants)**

77.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

78.     Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

79.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

80.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

81.     Defendants failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in violation of 29 U.S.C. § 207.

82.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime wage required under the FLSA.

83.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that her misclassification scheme and compensation policies were unlawful.

84.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the

1    action, including interest, pursuant to 29 U.S.C. § 216(b).

2    ### THIRD CAUSE OF ACTION

3    **UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

4    **(Against All Defendants)**

5    85.    Plaintiff hereby incorporates by reference and re-alleges each and

6    every allegation set forth in each and every preceding paragraph as though fully

7    set forth herein.

8    86.    Plaintiff customarily and regularly received more than thirty U.S.

9    Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in

10   the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

11   87.    At all relevant times, each Defendant is an "employer" or joint

12   employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

13   88.    Defendants are engaged in "commerce" and/or in the production of

14   "goods" for "commerce" as those terms are defined in the FLSA.

15   89.    Defendants operate an enterprise engaged in commerce within the

16   meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged

17   in commerce, and because its annual gross volume of sales made is more than five

18   hundred thousand U.S. Dollars ($500,000).

19   90.    Under TIPA:

20           [a]n employer may not keep tips received by its
21           employees for any purpose including allowing managers
             or supervisors to keep any portion of employees' tips,
22           regardless of whether or not it takes a tip credit.

23   29 U.S.C. § 203.

24   91.    Defendants kept a portion of tips paid to Plaintiff by Defendants'

25   customers in the form of fees, fines, mandatory charges and other payments to

26   management, disc jockeys, and floor personnel in violation of TIPA.

27   92.    Defendants required Plaintiff to participate in an illegal tip pool,

28   which included employees who do not customarily and regularly receive tips, and

do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the Club DJs, floor personnel, and management). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

93.     The contribution the Defendants required Plaintiff to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiff or other dancers; but rather, was imposed upon Plaintiff and other dancers.

94.     By requiring Plaintiff to pool her tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

95.     Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

96.     At the time of her illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which they were entitled.

97.     Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

98.     Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, disc jockeys, and floor personnel in violation of TIPA.

99.     As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquidated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

**FOURTH CAUSE OF ACTION**

**ILLEGAL KICKBACKS, 29 C.F.R. § 531.35**

**(Against All Defendants)**

100.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

101.   Defendants required Plaintiff to pay monetary fees to Defendants and other Little Darlings employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

102.   Defendants' requirement that Plaintiff pay fees to Defendants and other Little Darlings employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

103.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

104.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff is classified as illegal kickbacks.

105.   Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Little Darlings, involving but not limited to house fees.

**FIFTH CAUSE OF ACTION**

**FORCED TIPPING, 29 C.F.R. § 531.35**

**(Against All Defendants)**

106.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

///

107.   Defendants required Plaintiff to pay monetary fees to other Little Darlings employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

108.   Defendants' requirement that Plaintiff pay fees to other Little Darlings employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

109.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

110.   Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay other employees in order to work at Little Darlings, involving but not limited to forced tip sharing.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE UNDER CAL. *LAB. CODE* §§ 1194 & 1197
### (Against All Defendants)

111.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

112.   Plaintiff alleges, on the basis of information and belief, that Defendants, from the time the applicable statute of limitations begins to the present time, have engaged in the regular practice of requiring or permitting Plaintiff to work without paying them the legal minimum wage at all times.

113.   Section 2(K) of IWC Wage Order 5 and section 5(H) of IWC Wage Order 10 define "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employer must pay its employees for all "hours worked."

///

114.   Defendants did not pay wages for *any* of the time that they controlled Plaintiff and/or permitted them to work.

115.   Plaintiff is not exempt from the minimum wage requirements under California law.

116.   Defendants failed to accurately pay Plaintiff the required legal minimum wage and compensation for all hours worked, in violation of Cal. *Lab. Code* §§ 204, 210, 216, 558, 1194, 1194.12, 1197 and applicable IWC Wage Order(s).

117.   Defendants, and each of them, individually or by and through her respective officers, directors and managing agents, ordered, authorized, approved or ratified the conduct herein alleged with the intent to deprive Plaintiff compensation and benefits to which they are, and were, entitled under California law, so as to increase Defendants' profits at the expense of the health and welfare of her employees, contrary to public policy and clear statutory obligations.

118.   As a result of the actions of Defendants in failing and refusing to pay the minimum wages required by law, Plaintiff was damaged by not receiving compensation which they should have received, but did not receive. Plaintiff is therefore entitled to compensation in an amount to be proven at trial for unpaid wages, pre-judgment interest, penalties, attorneys' fees and costs pursuant to Cal. *Lab. Code* § 1194 and other applicable statutes.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

### CAL. *LAB. CODE* §§ 510, 1194, & 1197

### (Against All Defendants)

119.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

///

120.   At all relevant times, Plaintiff has been non-exempt employee of Defendants and are entitled to the full protections of the California *Labor Code* and of the applicable IWC Wage Order(s).

121.   Cal. *Lab. Code* § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

122.   Section 2(K) of IWC Wage Order 5 and section 2(H) of IWC Wage Order 10 define "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employer must pay its employees for all "hours worked."

123.   Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Orders, require employers to pay overtime wages to her non-exempt employees at no less than one and one-half (1 ½) times her regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and for the first eight (8) hours worked on a seventh consecutive workday.

124.   Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Orders, also require employers to pay overtime wages to her non-exempt employees at no less than two (2) times her regular rates of pay for all hours worked in excess of twelve (12) hours in one workday, and for all hours worked in excess of eight (8) hours on a seventh consecutive workday.

125.   At relevant times during her employment, Defendants failed to pay Plaintiff overtime wages for overtime hours worked.

126.   Pursuant to Cal. *Lab. Code* § 1194, Plaintiff seeks recovery of all unpaid overtime wages, interest thereon, costs of suit, and reasonable attorneys' fees, all in amounts subject to proof.

///

///

**EIGHTH CAUSE OF ACTION**

**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS,**

**CAL. *LAB. CODE* §§ 226, *ET. SEQ.***

**(Against All Defendants)**

127.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

128.   Cal. *Lab Code* § 226(a) mandates that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an **accurate** itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the

1   rate of pay and the total hours worked for each temporary services assignment."

2   (Emphasis added.)

3   129.   Pursuant to Cal. *Lab. Code* § 226(e)(2)(B), "an employee is deemed

4   to suffer injury for purposes of this subdivision if the employer fails to provide

5   accurate and complete information as required by any one or more of items"

6   identified above.

7   130.   As alleged in Plaintiff's causes of action, Defendants, and each of

8   them, regularly failed to compensate Plaintiff for all of her overtime hours

9   worked, as well as for her missed meal and rest breaks.

10   131.   Furthermore, Defendants did not regularly furnished wage statements

11   that identified the inclusive dates for that wage statement, in violation of Cal. *Lab.*

12   *Code* §§ 226, *et seq.*

13   132.   Pursuant to Cal. *Lab. Code* § 226, Plaintiff seek damages, costs of

14   suit, and reasonable attorneys' fees in an amount to be proven at the time of trial.

15   ### NINTH CAUSE OF ACTION

16   **WAITING TIME PENALTIES, CAL. *LAB. CODE* §§ 201-203**

17   **(Against All Defendants)**

18   133.   Plaintiff hereby incorporates by reference and re-alleges each and

19   every allegation set forth in each and every preceding paragraph as though fully

20   set forth herein.

21   134.   At all times relevant herein, Defendants were required to pay their

22   employees all wages owed in a timely fashion during and at the end of her

23   employment, pursuant to Cal. *Lab. Code* §§ 201–203.

24   135.   As a pattern and practice, Defendants regularly failed to pay Plaintiff

25   her final wages pursuant to Cal. *Lab. Code* §§ 201–203, and accordingly owe

26   waiting time penalties pursuant to Cal. *Lab. Code* § 203.

27   136.   The conduct of Defendants and her agents and managerial employees

28   as described herein was willful, and in violation of the rights of Plaintiff.

Kristensen LLP
ATTORNEYS FOR PLAINTIFFS

137.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' willful failure to pay wages due and owed to them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Cal. *Lab. Code* § 203.

## TENTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY BUSINESS EXPENSES IN VIOLATION OF CAL. *LAB. CODE* § 2802

### (Against All Defendants)

138.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

139.   Cal. *Lab. Code* § 2802 requires employers, including Defendants, to indemnify employees for all necessary expenditures incurred by the employee in performing her job.

140.   As alleged herein, Defendants required Plaintiff, as a condition of her employment, pay a daily "house fee" and/or "stage fee" of 30% of all monies earned per dance in order to fulfill Plaintiff's job duties.

141.   As alleged herein, Defendants required Plaintiffs, as a condition of her employment, pay "late fees" and "leave early fees" and any balances from previous shifts in order to fulfill Plaintiff's job duties.

142.   Such expenditures by Plaintiff are incurred in direct consequence of the discharge of Plaintiff's job duties.

143.   As a direct and proximate result of Defendants' failure to reimburse Plaintiff for these necessary expenditures, Plaintiff have been injured in an amount to be proved at trial.

144.   Plaintiff is, therefore, entitled to recover reimbursement for these necessary expenditures, and also to recover costs, interest, and attorneys' fees as

1   provided by California law.

2   ## ELEVENTH CAUSE OF ACTION

3   ### COMPULSION AND COERCION TO PATRONIZE EMPLOYER AND/OR OTHER

4   ### PERSONS IN VIOLATION OF CAL. *LAB. CODE* §450

5   ### (Against All Defendants)

6   145.   Plaintiff hereby incorporates by reference and re-alleges each and

7   every allegation set forth in each and every preceding paragraph as though fully

8   set forth herein.

9   146.   Cal. *Lab. Code* § 450 provides that no employer "may compel or

10   coerce any employee, or applicant for employment, to patronize his or her

11   employer, or any other person, in the purchase of anything of value."

12   147.   As alleged herein, Defendants required Plaintiff to purchase various

13   fees such as the "house fee," the "late fee," and the "leave early fee" from

14   Defendants and/or other specific persons.

15   148.   As a direct and proximate result of Defendants' requirement that

16   Plaintiff purchase anything of value, including the "house fee," "stage fee," the

17   "late fee," and the "leave early fee" from Defendants and/or other specific

18   persons, Plaintiff have been injured in an amount to be proved at trial.

19   149.   By requiring Plaintiff to purchase said fees to do her job, Defendants

20   compelled and coerced Plaintiff to patronize Defendants' business.

21   150.   Plaintiff is, therefore, entitled to recover damages, and also to

22   recover costs, interest, and attorney's fees as provided by California law.

23   ## TWELTH CAUSE OF ACTION

24   ### TIP MISAPPROPRIATION IN VIOLATION OF CAL. *LAB. CODE* §§ 350, *ET SEQ.*

25   ### (Against All Defendants)

26   151.   Plaintiff hereby incorporates by reference and re-alleges each and

27   every allegation set forth in each and every preceding paragraph as though fully

28   set forth herein.

152.   Cal. *Lab. Code* § 351 makes it illegal for an employer to collect tips paid or left for the employee and mandates that such tips are the employees' property. Moreover, Cal. *Lab. Code* § 350(2) provides as follows: Gratuity includes any tip, gratuity, money or part thereof that has been paid or given to or left for an employee by a patron of a business over and above the actual amount due the business for service rendered or for goods, food, drink or articles or served to the patron. **Any amounts paid directly by a patron to a dancer employed by an employer subject to Industrial Welfare Commission Order No. 5 or 10 shall be deemed a gratuity**.

153.   Plaintiff is entitled to the amounts paid by the patron at Little Darlings that was taken/withheld by Defendants.

154.   Plaintiff is, therefore, entitled to recover damages, and also to recover costs, interest, and attorneys' fees as provided by California law.

## THIRTEENTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*

### (Against All Defendants)

155.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

156.   Cal. *Bus. & Prof. Code* § 17200 defines "unfair competition" to include any unlawful business practice.

157.   Cal. *Bus. & Prof. Code* §17204 allows a person who has lost money or property as a result of unfair competition to bring an action for restitution of money or property acquired from him or her by means of unfair competition.

158.   The FLSA prohibits employers to divert any part of an employee's wages and overtime wages, including tips and gratuity, to itself.

///

159.   In violation of these requirements, as set forth above, Defendants violated 29 U.S.C. § 203 by forcing Plaintiff to participate in an invalid tip-pool with employees who typically do not receive tips. Additionally, Defendants forced Plaintiffs to use portions of her tip wages to pay Defendant managers as well as "house fees" and other fees and fines.

160.   In violation of these requirements, as set forth above, Defendants violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay Plaintiff minimum wages and overtime wages, charged her illegal house fees, took payments to her from clients and forced her to subsidize the other employees.

161.   As a result of Defendants' above-alleged unlawful business practices, Plaintiff have lost monies and property by means of unfair competition.

162.   In violation of these requirements, as set forth above, Defendants compelled Plaintiff to patronize Little Darlings.

163.   In violation of these requirements, as set forth above, Defendants failed to pay Plaintiff overtime wages for hours that she worked.

164.   In violation of these requirements, as set forth above, Defendants failed to pay Plaintiff minimum wages for the hours that she worked.

165.   In violation of these requirements, as set forth above, Defendants failed to indemnify business expenses to Plaintiffs.

166.   As a result of Defendants' above-alleged unlawful business practices, Plaintiff has lost monies and property by means of unfair competition.

167.   Pursuant to Cal. *Bus. & Prof. Code* § 17204, Plaintiff seek an order of restitution for all monies and property that Defendants have acquired from them by means of unfair competition from the forced tip pooling.

168.   Plaintiff is seeking minimum wages, overtime wages, forced tips, house fees, and stolen tips and other restitutionary relief under this equitable cause of action for the four years prior to filing this lawsuit.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Tribunal the following relief:

1.  For compensatory damages according to proof at trial of at least $300,000 for jurisdictional purposes for Plaintiff;

2.  For special damages according to proof at trial;

3.  For restitution of unpaid monies;

4.  For attorneys' fees;

5.  For costs of suit incurred herein;

6.  For statutory penalties;

7.  For civil penalties;

8.  For pre-judgment interest;

9.  For post-judgement interest;

10. For general damages in an amount to be proven at trial;

11. For declaratory relief;

12. For injunctive relief; and

13. For such other and further relief as the tribunal may deem just and proper.

Dated: September 13, 2021                    **KRISTENSEN LLP**

                                             */s/ John P. Kristensen*
                                             John P. Kristensen
                                             Jesenia A. Martinez

                                             ***Attorneys for Plaintiff***

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury for all such triable claims.

3

4    Dated: September 13, 2021                    **KRISTENSEN LLP**

5

6                                                */s/ John P. Kristensen*
                                                 John P. Kristensen

7                                                Jesenia A. Martinez

8                                                ***Attorneys for Plaintiff***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on Monday, September 13, 2021, a true and correct copy of the attached **COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF** was served via email on the individuals listed below:

Tammara N. Bokmuller
**BOWMAN & BROOKE, LLP**
750 B Street, Suite 1740
San Diego, California 92101
Phone: (619) 376-2500
Email: tammy.bokmuller@bowmanandbrooke.com

***Co-Counsel for Defendants***

Matthew Hoffer
Bradley Shafer
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Boulevard,
Suite Two
Lansing, Michigan 48906
Phone: (517) 886-6560
Email: matt@bradshaferlaw.com
Email: brad@bradshaferlaw.com
Email: info@bradshaferlaw.com

***Co-Counsel for Defendants***

*/s/ John P. Kristensen*
John P. Kristensen